# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CARLOS MAURICE COGDELL,

       Petitioner,

v.                                                            Case No. 3:23-cv-125-TJC-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

       Respondents.

_____

## ORDER

### I.    Status

Petitioner, Carlos Maurice Cogdell, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Doc. 1. He is proceeding on a Fifth Amended Petition seemingly challenging (Duval County, Florida) judgments of conviction for burglary (see State v. Cogdell, No. 2010-CF-2376 (Fla. 4th Cir. Ct.)) and criminal mischief (see State v. Cogdell, No. 2010-CF-

2417 (Fla. 4th Cir. Ct.)).[1] <u>See</u> Doc. 11. Respondents argue that the Petition is untimely filed and request dismissal of this case with prejudice. <u>See</u> Doc. 16 (Resp.).[2] The Court provided Petitioner with an opportunity to reply (Docs. 13, 17), but he did not do so. This case is ripe for review.[3]

## II.    <u>One-Year Limitations Period</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

---

[1] The Court takes judicial notice of Petitioner's state court dockets. <u>See</u> Fed. R. Evid. 201(b)(2) (a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"); <u>Paez v. Sec'y, Fla. Dep't of Corr.</u>, 947 F.3d 649 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy" the standard for judicial notice.).

[2] Attached to the Response are several exhibits. The Court cites the exhibits as "Resp. Ex."

[3] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 834 F.3d 1299, 1318 (11th Cir. 2016) (citing <u>Chavez v. Sec'y Fla. Dep't of Corr.</u>, 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id.</u> The Court finds that "further factual development" is unnecessary. <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

III.  **Analysis**

**No. 2010-CF-2376**

On November 3, 2010, Petitioner entered a negotiated plea of guilty to one count of burglary of a dwelling. Resp. Exs. C-D. That same day, the trial court sentenced Petitioner in conformance with that negotiated disposition to an eighteen-year term of incarceration. Resp. Ex. D. Petitioner did not seek a direct appeal; thus, his judgment and sentence became final upon the expiration of the time to file a notice of appeal, December 3, 2010. Petitioner's one-year limitations period began to run the next day, December 4, 2010.

On July 19, 2011, Petitioner petitioned for a belated direct appeal with the First District Court of Appeal on the ground that his attorney disregarded his request to file a timely notice of appeal. Resp. Ex. E at 2-6. The First DCA relinquished jurisdiction to the trial court, which appointed a special master to consider Petitioner's petition. Cogdell, No. 2010-CF-2376. Following an evidentiary hearing, the special master issued a report recommending that the petition for belated appeal be denied. Id. On January 12, 2012, the First DCA denied Petitioner's request for a belated appeal "on the merits." Resp. Ex. F.

An unsuccessful Florida Rule of Appellate Procedure 9.141(c) petition for a belated direct appeal is not an application for state collateral review for purposes of § 2244(d)(2) and thus does not toll the federal habeas limitations period. See Danny v. Sec'y, Fla. Dep't. of Corr., 811 F.3d 1301, 1302 (11th Cir.

2016); see also Espinosa v. Sec'y, Dept. of Corr., 804 F.3d 1137, 1141 (11th Cir. Ct.) (recognizing that "an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review."). As such, Petitioner's unsuccessful petition for belated appeal did not toll his one-year statute of limitations; and thus his one-year expired on December 6, 2011,[4] without Petitioner filing any state postconviction motions that would have tolled his limitations period.

After the expiration of his federal statute of limitations, Petitioner filed with the trial court a motion to withdraw his plea. Resp. Ex. G. Because there was no time left to toll, however, Petitioner's motion did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). As such, to the extent that

---

[4] Petitioner's one-year statute of limitation expired on Saturday, December 3, 2011, so he had until Monday, December 6, 2011, to file a federal habeas petition.

Petitioner challenges his conviction in No. 2010-CF-2376, the Petition, filed on January 20, 2023, is untimely filed.

**No. 2010-CF-2417**[5]

On November 3, 2010. Petitioner entered a negotiated guilty plea to one count of criminal mischief. See Cogdell, No. 2010-CF-2417. That same day, the trial court sentenced Petitioner to a five-year term of incarceration to run concurrent to the sentence imposed for No. 2010-CF-2376. Id. Petitioner did not seek a direct appeal; thus, his judgment and sentence became final upon the expiration of the time to file a notice of appeal, December 3, 2010. Petitioner's one-year limitations period began to run the next day, December 4, 2010. It expired one-year later, on December 6, 2011, without Petitioner filing a state postconviction motion that would have tolled the limitations period.[6]

After the expiration of his federal statute of limitations, Petitioner filed with the trial court a motion to withdraw his plea. Id. Because there was no time left to toll, however, Petitioner's motion for postconviction relief did not toll the federal one-year limitations period. See Sibley, 377 F.3d at 1204;

_____

[5] Respondents also argue that since Petitioner has already served his five-year sentence for the conviction in No. 2010-CF-2417, he does not meet the "custody" requirement to challenge that conviction through a federal habeas petition. Resp. at 5-6. Because the Petition is untimely filed as to both state court cases, the Court focuses its analysis only on Respondents' timeliness argument.

[6] Petitioner did not seek a belated appeal of his judgment and conviction in No. 2010-CF-2417.

_Webster_, 199 F.3d at 1259. As such, to the extent Petitioner challenges his conviction in No. 2010-CF-2417, the Petition, filed on January 20, 2023, is untimely filed.

### Equitable Tolling and Actual Innocence

Petitioner does not argue that he is entitled to equitable tolling as to either conviction, and he fails to allege any facts supporting due diligence or extraordinary circumstances. _See_ _Lawrence v. Florida_, 549 U.S. 327, 336 (2007); _see_ _Cadet v. Fla. Dep't of Corr._, 853 F.3d 1216, 1221 (11th Cir. 2017). Nor does Petitioner assert actual innocence as a gateway to avoid enforcement of the one-year limitations period. _See_ _McQuiggin v. Perkins_, 133 S. Ct. 1924, 1928 (2013). As such, this action is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.    The Fifth Amended Petition (Doc. 11) and this case are **DISMISSED with prejudice**.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.    If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

7

motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[7]

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of November, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

Jax-7

C:    Carlos Maurice Cogdell, #J14135
      Counsel of record

---

[7] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.